# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
AMY LARSSON

**DEFENDANTS**
CHANGE HEALTHCARE TECHNOLOGIES, LLC, MAGNUM TRANSACTION SUB, LLC d/b/a LYRIC and

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Montgomery County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Console, Esquire of Console Mattiacci Law
1525 Locust St., 9th Floor Philadelphia, PA 19102
(215) 545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101, et seq.; 29 U.S.C. § 623 et seq.; 29 U.S.C. §2601, et seq.; and 43 P.S. § 951, et seq.
Brief description of cause:
Plaintiff was discriminated and retaliated against based on disability and age n violation of state and federal law.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 10/16/2024
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| AMY LARSSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| CHANGE HEALTHCARE TECHNOLOGIES, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | | |
|---|---|---|
| 10/16/2024 | _[signature]_ | Plaintiff, Amy Larsson |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-689-4137 | Kevinconsole@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _Langhorne, PA 19053_

Address of Defendant: _475 Allendale Road King of Prussia, PA 19406_

Place of Accident, Incident or Transaction: _King of Prussia, PA_

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/16/2024    _Attorney-at-Law / Pro Se Plaintiff_    317235   _Attorney I.D. # (if applicable)_

---

**CIVIL:** (Place a √ in one category only)

**A.    Federal Question Cases:**
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Kevin Console_, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 10/16/2024    _Attorney-at-Law / Pro Se Plaintiff_    317235   _Attorney I.D. # (if applicable)_

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMY LARSSON**<br>Langhorne, PA 19053<br><br>*Plaintiff,*<br><br>v.<br><br>**CHANGE HEALTHCARE TECHNOLOGIES LLC**<br>475 Allendale Road<br>King of Prussia, PA 19406<br><br>**MAGNUM TRANSACTION SUB, LLC d/b/a LYRIC (f/k/a CLAIMSXTEN PORTFOLIO)**<br>475 Allendale Road<br>King of Prussia, PA 19406<br><br>**COLOR HOLDINGS, L.P.**<br>475 Allendale Road<br>King of Prussia, PA 19406<br><br>*Defendants.* | CIVIL ACTION NO. _____ |

**COMPLAINT**

I.  **INTRODUCTION**

Plaintiff, Amy Larsson, brings this action against her former employers, Change Healthcare Technologies, LLC, Magnum Transaction Sub, LLC d/b/a Lyric (f/k/a ClaimsXten Portfolio), and Color Holdings, L.P (collectively, "Defendants"), for discriminating against Plaintiff based upon her disability (including history of and regarded as), her age (56 at the time of termination) and Plaintiff exercising her rights to FMLA-protected medical leave.

1

Defendants' unlawful conduct includes subjecting Plaintiff to a hostile work environment, failing to provide Plaintiff with a reasonable accommodation for her disability and terminating Plaintiff for false and pretextual reasons, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

Plaintiff seeks damages, including economic loss, compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

**II.    PARTIES**

1. Plaintiff, Amy Larsson, is an individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Langhorne, PA.

2. Plaintiff is currently fifty-seven (57) years of age. As of when Plaintiff's employment was terminated by Defendants in January 2023, Plaintiff was fifty-six (56) years of age.

3. At all relevant times, Plaintiff was "disabled" in that she suffered from an impairment, which substantially limited one or more of her major life activities, had a record of impairment and/or was regarded as having such impairment.

4. Defendant Change Healthcare Technologies, LLC, a limited liability company incorporated in the state of Delaware, is engaged in an industry affecting interstate commerce and regularly does business in Pennsylvania.

5. Defendant Change Healthcare Technologies, LLC maintains offices located at 475 Allendale Rd., Suite 100, King of Prussia, PA 19406.

6. Defendant Change Healthcare Technologies, LLC maintains a principal place of business at 11000 Optum Circle Eden Praire, MN 55344

7. Defendant Color Holdings, L.P., is a partnership and/or company incorporated in the state of Delaware, is engaged in an industry affecting interstate commerce and regularly does business in Pennsylvania.

8. Defendant Color Holdings, L.P. maintains a principal place of business at 475 Allendale Road, Suite 100, King of Prussia, PA 19406.

9. Defendant Magnum Transaction Sub, LLC d/b/a Lyric (f/k/a ClaimsXten Portfolio) is a limited liability company incorporated in the state of Delaware, is engaged in an industry affecting interstate commerce and regularly does business in Pennsylvania.

10. Defendant Magnum Transaction Sub, LLC d/b/a Lyric (f/k/a ClaimsXten Portfolio) maintains a principal place of business at 475 Allendale Road, Suite 100, King of Prussia, PA 19406.

11. Defendants collectively maintain and operate offices within the Eastern District of Pennsylvania judicial district, including offices located at 475 Allendale Road, Suite 100, King of Prussia, PA 19406 Pennsylvania,

12. At all relevant times, Plaintiff primarily worked from Defendants' Allendale Road business office in King of Prussia, Pennsylvania.

13. At all relevant times, Defendants employed fifty (50) or more employees within seventy-five (75) miles of Plaintiff's work location.

14. As of when Plaintiff initiated FMLA leave, Plaintiff had been employed for at least

twelve hundred and fifty (1,250) hours of service during the preceding twelve (12) month period.

15. Each of the three (3) named Defendants in this matter present themselves and conduct business as the "alter ego" of the other named Defendants.

16. Defendants collectively presented themselves as a single company such that third parties dealt with them as one unit.

17. Defendants collectively maintain and operate business offices and websites.

18. Defendants share common ownership, personnel policies, procedures and employment practices.

19. Defendants are interconnected such that they are considered a "single" and/or "integrated" employer and/or enterprise. Defendants collectively caused the actions complained of herein

20. During Plaintiff's employment at Defendants, Plaintiff received a tax Form W-2 from both, Defendant Change Healthcare Technologies, LLC and Magnum Transaction Sub, LLC d/b/a Lyric (f/k/a ClaimsXten Portfolio).

21. At all relevant times, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

22. At all relevant times, Defendants acted as an employer within the meaning of the statutes which form the basis of this matter.

23. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

III. **JURISDICTION AND VENUE**

24. The causes of action which form the basis of this matter arise under the ADA, the

ADEA, the FMLA and the PHRA.

25. This Court has jurisdiction over Count I (ADA) pursuant to 42 U.S.C. §12117(a) and 28 U.S.C. §1331.

26. This Court has jurisdiction over Count II (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

27. This Court has jurisdiction over Count III (FMLA) pursuant to 29 U.S.C. §2617(a)(2) and 28 U.S.C. §1331.

28. This Court has jurisdiction over Count IV (PHRA) pursuant to 28 U.S.C. §1367.

29. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

30. On or about March 13, 2023, Plaintiff filed a complaint of discrimination with the Pennsylvania Human Relations Commission, complaining of acts of discrimination alleged herein. That complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of Plaintiff's agency complaint (with personal identifying information redacted).

31. On or about July 22, 2024, the EEOC issued to Plaintiff a Notice of Right to Sue pertaining to Plaintiff's agency complaint. Attached hereto as Exhibit "2" is a true and correct copy of that Notice.

32. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV. **FACTUAL ALLEGATIONS**

33. Plaintiff began working at Defendants on or about October 24, 1994.

34. Plaintiff was born in 1967.

5

35. Plaintiff consistently performed her job duties in a highly competent manner and received positive feedback.

36. Plaintiff last held the position of Vice President, Go-To-Market.

37. Plaintiff last reported to Carolyn Wukitch (55[1]), Chief Executive Officer.

38. Wukitch had no role in Plaintiff being hired at Defendants.

39. Plaintiff was one of the oldest employees directly reporting to Wukitch.

40. On May 8, 2022, following Plaintiff's attendance at Defendants' sales conference, Plaintiff tested positive for COVID-19.

41. On May 8, 2022, Plaintiff went out of work on an FMLA-protected medical leave of absence.

42. On May 16, 2022, Plaintiff returned to work part time from her medical leave of absence.

43. On May 23, 2022, Plaintiff returned to work full time from her medical leave of absence.

44. Following Plaintiffs return to work, she continued to experience post-COVID and long COVID symptoms.

45. Plaintiff's symptoms included cough, breathing issues, gastrointestinal issues, right foot and ankle pain, and debilitating fatigue.

46. Plaintiff was treated by various doctors in connection with her COVID symptoms.

47. Plaintiff informed Wukitch that she continued to experience post-COVID symptoms, including the above symptoms.

48. Plaintiff informed Wukitch that she was told that she had long COVID.

---

[1] All ages referenced herein are approximations.

49. Plaintiff informed Wukitch that she was being treated by various doctors for the same.

50. On September 27, 2022, Wukitch told Plaintiff that her position would be reduced, and that certain of Plaintiffs job duties and responsibilities would be removed from her and assigned to Christine Belanger (45), Associate Vice President, Product Management, who had been assigned to report to Plaintiff.

51. Wukitch told Plaintiff that Belanger would be promoted to report directly to Wukitch.

52. In October 2022, Plaintiff's long COVID symptoms worsened.

53. In October 2022, Plaintiff informed Wukitch that her long COVID symptoms had worsened.

54. In conversations with Wukitch, Plaintiff requested a reasonable accommodation in the form of flexibility in Plaintiff's schedule for certain doctor's appointments and testing in connection with her disability.

55. In response, Wukitch instructed Plaintiff to use paid time off to attend said doctor's appointments and testing in connection with her disability.

56. Plaintiff was treated differently and worse, and in a more hostile and dismissive manner, than substantially younger, nondisabled employees who had not sought reasonable accommodations for a disability or taken a medical leave of absence.

57. Plaintiff was excluded from meetings related to her job duties and responsibilities, in which she had previously participated.

58. Plaintiff was excluded from strategy planning, in which she had previously participated, and which was part of Plaintiff's job duties and responsibilities.

7

59. In November 2022, in a meeting with Deana Andrews (45), Human Resources representative, Plaintiff asked questions about FMLA and disability leave.

60. During this meeting with Andrews, Plaintiff stated that she wanted to wait to go out on leave until January 2023, as Plaintiff had certain doctor's appointments in December 2022 in connection with her long COVID symptoms, and she was hopeful that those appointments would be helpful to her symptoms.

61. On November 14, 2022, Plaintiff was out of work for an endoscopy and colonoscopy.

62. In early December 2022, Plaintiff informed Wukitch that she was hoping to participate in a program for people with long COVID symptoms.

63. On December 4, 2022, Defendants hired Amy Churchill (42), Senior Director of Marketing, who was assigned to report to Plaintiff.

64. This was a newly created position that Churchill was placed into.

65. On December 12 and 13, 2022, Plaintiff participated in Defendants' leadership meeting.

66. On December 13, 2022, Plaintiff informed Wukitch that she had to step out of the leadership meeting to attend a doctor's appointment and evaluation for the long COVID program in which Plaintiff was hoping to participate, as the evaluation could not be rescheduled.

67. On December 13, 2022, following the above, Plaintiff stepped out of the leadership meeting to attend a doctor's appointment and evaluation for the long COVID program in which Plaintiff was hoping to participate.

68. On December 13, 2022, following the above, when Plaintiff returned the leadership meeting, plaintiff asked Wukitch questions about what she missed so that she could catch up with

8

what was being presented.

69. In response, Wukitch became angry, stated that there was tension in the room, and walked away from Plaintiff.

70. In late December 2022, following the above, Plaintiff took time off from work due to her long COVID symptoms.

71. In December 2022 and January 2023, Wukitch stated that she was going to hire an employee to do business strategy and development.

72. Business strategy and development was part of Plaintiff's job duties and responsibilities.

73. In early January 2023, Plaintiff was excluded from meetings and communications related to her job duties and responsibilities.

74. On or about January 11, 2023, in an email from Deb Hankins, Chief of Staff, to leadership team employees, she stated that no employee was permitted to leave the upcoming leadership meeting on January 18 and 19, 2023, because employees leaving the last meeting, on December 12 and 13, 2022, was disruptive.

75. Following the above, based on the above email instruction regarding the leadership meeting, Plaintiff canceled a long COVID doctor's appointment scheduled for January 19, 2023.

76. On January 18 and 19, 2023, Plaintiff participated in Defendants' leadership meeting.

77. On January 20, 2023, in a meeting with Wukitch and Jeffrey Fix (50), Human Resources, Defendants notified Plaintiff that her employment was terminated, effective immediately.

78. Defendant's stated reason for terminating Plaintiff was position elimination.

9

79. Plaintiff was terminated at age fifty-six (56), after more than twenty-eight (28) years of loyal and dedicated service, shortly after informing Defendants of her disability and need for accommodation relating to the same.

80. Defendants failed to provide Plaintiff with any explanation as to why her position, in particular, was eliminated, as opposed to the positions of substantially younger and/or nondisabled employees who had not exercised their FMLA rights.

81. Defendants did not eliminate Churchill's position, despite Churchill (42) having been hired on December 4, 2022 and being less qualified than Plaintiff.

82. Defendants eliminated Plaintiff's position because of her disability and/or her age and/or her seeking reasonable accommodations for my disability, including medical leaves of absence.

83. Plaintiff received no explanation as to why she was terminated and Churchill (42), who was just hired into the position, was retained.

84. Defendants terminated Plaintiffs employment because of her disability and/or her age and/or her seeking reasonable accommodations for her disability, including medical leaves of absence.

85. Plaintiff was the only employee reporting to Wukitch who was terminated effective January 20, 2023.

86. Defendants terminated Plaintiff while retaining all four (4) of Plaintiff's direct reports, including Churchill (42).

87. Defendants assigned Plaintiffs job duties and responsibilities to Churchill (42) and Peter Titas (45), Sales Leader.

88. Upon information and belief, as of January 2023, Defendants were unaware of

Churchill or Titas suffering from a disability or requesting a reasonable accommodation or exercising their FMLA rights.

89.     Churchill is younger than Plaintiff.

90.     Titas is younger than Plaintiff.

91.     Plaintiff was more qualified to perform her position than the substantially younger, nondisabled employees with whom Defendants replaced Plaintiff.

92.     None of the substantially younger, nondisabled employees who did not seek reasonable accommodations for a disability were terminated.

93.     Defendants retained nondisabled and/or substantially younger employees and/or employees who had not sought reasonable accommodations in positions for which Plaintiff was qualified.

94.     Before Plaintiff informed Defendants of her disability and went out on medical leaves of absence, Plaintiff had no indication that her job was in jeopardy.

95.     Plaintiff had no disciplinary or performance issues throughout her employment.

96.     Defendants did not offer Plaintiff a downgraded position or a position with reduced pay or any opportunity to remain employed before terminating her employment.

97.     Defendants subjected Plaintiff to a hostile work environment because of her disability and/or her age and/or her seeking reasonable accommodations for her disability, including medical leaves of absence and/or exercising her FMLA rights.

98.     Defendants' disability and age discriminatory and retaliatory conduct toward Plaintiff has caused her emotional distress.

99.     Defendants' comments and conduct evidence a bias against disabled and/or older employees and/or employees who seek reasonable accommodations for a disability and/or

11

employees who exercise their FMLA rights.

100. The discriminatory and retaliatory conduct of Defendants as alleged herein, was sufficiently severe and/or pervasive to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

101. Defendants treated substantially youngr and/or nondisabled employees more favorably than they treated Plaintiff. By way of example, other similarly-situated employees were not subjected to a hostile work environment or terminated for false and pretextual reasons.

102. As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## **COUNT I – ADA**

103. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

104. By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADA.

105. As a direct and proximate result of Defendants' violations of the ADA, Plaintiff has suffered the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

106. The conduct of Defendants, as set forth above, was willful, malicious and outrageous under the circumstances and warrants the imposition of punitive damages against Defendants.

107. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless this Court grants the relief requested herein.

108. No previous application has been made for the relief requested herein.

## COUNT II – ADEA

109. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

110. By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

111. As a direct and proximate result of Defendants' violations of the ADEA, Plaintiff has suffered the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

112. Said violations were willful and warrant the imposition of liquidated damages.

113. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless this Court grants the relief requested herein.

114. No previous application has been made for the relief requested herein.

## COUNT III – FMLA

115. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

116. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the FMLA.

117. As a result of Defendants terminating Plaintiff shortly after, and because, she exercised her FMLA rights, Defendants violated the FMLA.

118. Plaintiff's exercise of her FMLA rights was considered as a negative factor, and was a motivating and determinative factor in Defendants' conduct towards Plaintiff, including its decision to subject Plaintiff to a hostile work environment and terminate Plaintiff's employment.

119. Defendants retaliated against Plaintiff for exercising her FMLA rights.

120. Said violations were not in good faith, and Defendants did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA.

121. Defendants' violations of the FMLA warrant the imposition of liquidated damages.

122. As a direct and proximate result of Defendants' violations of the FMLA, Plaintiff has suffered damages and losses set forth herein and has incurred attorneys' fees and costs.

123. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' violations of the FMLA unless this Court grants the relief requested herein.

124. No previous application has been made for the relief requested herein.

### **COUNT IV – PHRA**

125. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

126. By committing the foregoing acts of discrimination, Defendants have violated the PHRA.

127. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

128. Plaintiff is now suffering and will continue to suffer irreparable injury and

monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

129. No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of the ADA;

(b) declaring the acts and practices complained of herein to be in violation of the ADEA;

(c) declaring the acts and practices complained of herein to be in violation of the FMLA;

(d) declaring the acts and practices complained of herein to be in violation of the PHRA;

(e) enjoining and permanently restraining the violations alleged herein;

(f) entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(g) awarding damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

      (h)    awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

      (i)    awarding liquidated damages to Plaintiff under the ADEA;

      (j)    awarding liquidated damages to Plaintiff under the FMLA;

      (k)    awarding punitive damages to Plaintiff under the ADA;

      (l)    awarding Plaintiff such other damages as are appropriate under the ADA, the ADEA, the FMLA and the PHRA;

      (m)    awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

      (n)    granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

By:    */s/ Kevin Console*
       KEVIN CONSOLE, ESQ.
       1525 Locust St., 9th Floor
       Philadelphia, PA 19102
       Phone: (215) 545-7676
       Kevinconsole@consolelaw.com

Dated: 10/16/2024           *Attorneys for Plaintiff*